11 F.3d 1074
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Riley L. GARLAND, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7055.
 United States Court of Appeals, Federal Circuit.
 Nov. 19, 1993.
 
 Before ARCHER, Circuit Judge, SMITH, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 Riley L. Garland appeals the judgment of the United States Court of Veterans Appeals (CVA) in Riley L. Garland v. Jesse Brown, Secretary of Veterans Affairs, Vet.App. No. 91-1829 (Jan. 28, 1993), affirming the June 25, 1991 Board of Veterans Appeals (BVA) decision denying the reopening of Garland's claim of service connection for hearing loss. We dismiss the appeal for lack of jurisdiction.
 
 DISCUSSION
 
 2
 This court possesses jurisdiction to review a decision of the CVA "with respect to the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. Sec. 7292(a). In this case, we are not required to interpret any statute or regulation. Although Garland contends that the issue on appeal is a legal one within this court's jurisdiction, we disagree. Garland frames the issue on appeal as "[w]hether the Court of Veterans Appeals erred in determining that the evidence submitted in support of Appellant's claim to reopen was not material." Thus, Garland seeks review of the facts and the application of law to the facts rather than review of the CVA's interpretation of the relevant statute. Because this court does not have jurisdiction to consider these issues, we dismiss the appeal. See Livingston v. Derwinski, 959 F.2d 224, 225 (Fed.Cir.1992).